UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Tom Cannizzaro<br>1018 Ellsworth St.<br>Philadelphia, PA 19147<br><br>         Plaintiff,<br><br>v.<br><br>Regional Adjustment Bureau, Inc.<br>c/o James S. Smith, Jr.<br>7000 Goodlett Farms Parkway<br>Memphis, TN 38016<br><br>         Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around August 11, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment.

8. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at Plaintiff's place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

9. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment at least 2 more times thereafter.

10. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

11. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

12. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

13. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

14. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

19. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

20. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

Respectfully Submitted,

Legal Helpers, P.C.

By: */s/ Thomas M. Nicely*
Thomas M. Nicely (Bar No. 92759)
111 S. Independence Mall East, Suite 555
Philadelphia, PA
Tel: 866.339.1156
FaX: 312.822.1064
tmn@legalhelpers.com
*Attorney for Plaintiff*